**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| ROYA AFSHAR,<br><br>Plaintiff,<br><br>v.<br><br>DERRICK STAMPER, Chief Patrol Agent of the Houlton Sector, U.S. Border Patrol; RODNEY SCOTT, Commissioner of U.S. Customs and Border Protection; and MARKWAYNE MULLIN, Secretary of Homeland Security,<br><br>Defendants. | Case No. 1:26-cv-00372-SDN |

**OPPOSITION TO MOTION FOR A PRELIMINARY INJUNCTION**

Defendants, by and through undersigned counsel, oppose Plaintiff's Motion for a Preliminary Injunction (Dkt. # 21, Aug. 6, 2026), filed in connection with her pending Complaint (Dkt. # 1, July 20, 2026). In support, Defendants submit as follows.

## Background

### I. Legal Background

Everyone who seeks to enter the United States is subject to inspection and examination. *See United States v. Flores-Montano*, 541 U.S. 149, 152-53 (2004). To that end, those seeking admission carry the burden of demonstrating their admissibility and are subject to inspection by U.S. Customs and Border Protection ("CBP"). 8 U.S.C. § 1225(a)(3); 8 U.S.C. § 1361. After arriving at a port of entry from abroad, CBP officers inspect each foreign national requesting admission, determine if an inadmissibility ground under 8 U.S.C. § 1182 applies, and verify whether any database maintained by DHS has information about the individual. These "inspections" may include "primary"

or "secondary" inspections, but the distinction between "primary" and "secondary" is one of nomenclature—"secondary inspection is no less a matter of course and no less routine than the primary inspection." *United States v. Galloway*, 316 F.3d 624, 630 (6th Cir. 2003).

In addition, Plaintiff alleges she holds a valid H-1B visa. The H-1B program permits U.S. employers to employ nonimmigrants on a temporary basis in specialty occupations. *See* 8 U.S.C. §§ 1101(a)(15)(H)(i)(b), 1182(n); 20 C.F.R. Pt. 655, Subpts. H & I. A "specialty occupation" is one that requires both "(A) theoretical and practical application of a body of highly specialized knowledge; and (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States." 8 U.S.C. § 1184(i)(1); *see also* 8 C.F.R. § 214.2(h)(4)(ii).

## II. Factual Background

Plaintiff is a dual citizen of Iran and Canada (Cmpl. at ¶ 7) who was denied entry into the United States on April 8, 2026. *See id.* at ¶ 15. At that time, Plaintiff presented at the Port of Entry in Fort Fairfield, Maine, where she allegedly provided CBP with her Canadian passport and an H-1B visa[1] pursuant to which she works "as a primary care provider in family medicine through the Presque Isle hospital." *Id.* at ¶¶ 8, 20. 8 C.F.R. § 214.1(a)(3)(i) provides that every nonimmigrant alien who applies for admission to, or an extension of stay in, the United States must establish that he or she is admissible to the United States. As part of that admissibility determination, Plaintiff was referred for a

[1] As a Canadian citizen, Plaintiff likely furnished an I-797 rather than a visa. *See* https://travel.state.gov/content/travel/en/us-visas/tourism-visit/citizens-of-canada-and-bermuda.html (last visited Aug. 14, 2026).

secondary inspection. *Id.* at ¶ 21. Upon conclusion of the secondary inspection, Plaintiff was found inadmissible for entry but was permitted to withdraw her application for admission in lieu of expedited removal under 8 U.S.C. § 1225(b)(1) and returned to Canada. *See* 8 C.F.R. § 1235.4 (process for withdrawal of application for admission).

**Argument**

Injunctive relief is "an extraordinary remedy never awarded as of right." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008). For that reason, "[t]he authority of the District Court Judge to issue a preliminary injunction should be sparingly exercised." *Mass. Coal. of Citizens with Disabilities v. Civ. Def. Agency & Off. of Emergency Preparedness*, 649 F.2d 71, 76 n.7 (1st Cir. 1981). In order to grant a preliminary injunction, the Court "must find the following four elements satisfied: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) a balance of equities in the plaintiff's favor, and (4) service of the public interest." *Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc.*, 794 F.3d 168, 171 (1st Cir. 2015). "The party seeking the preliminary injunction bears the burden of demonstrating that these four factors weigh in its favor." *Esso Standard Oil Co. v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006). A likelihood of success on the merits is the "most important part of the [] assessment." *Jean v. Mass. State Police*, 492 F.3d 24, 27 (1st Cir. 2007).

**1. Plaintiff Cannot Satisfy the Factors for Injunctive Relief**

Plaintiff's Motion should be denied as she cannot satisfy the most important factor of the preliminary injunction analysis, that of a likelihood of success on the merits. Indeed, as presented, Plaintiff's case appears nonjusticiable.

At the outset, the inadmissibility determination is nonreviewable. "For more than

a century, this Court has recognized that the admission and exclusion of foreign nationals is a 'fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.'" *Dep't of State v. Muñoz*, 602 U.S. 899, 907 (2024) (quoting *Trump v. Hawaii*, 585 U.S. 667, 702 (2018)). Under the doctrine of consular non-reviewability, "[a]dministrative decisions excluding aliens are not subject to judicial review unless there is a clear grant of authority by statute." *Doan v. I.N.S.*, 160 F.3d 508, 509 (8th Cir. 1998).

While the doctrine's name may suggest it applies only to consular officers, its foundation is in the separation of powers, and courts have extended its application to other officers within the Executive Branch making inadmissibility determinations. *See Doan*, 16 F.3d at 508-09; *see also Muñoz*, 602 U.S. at 907-08 ("Congress may delegate to executive officials the discretionary authority to admit noncitizens immune from judicial inquiry or interference. . . . The Judicial Branch has no role to play unless expressly authorized by law.") (internal quotations omitted). Thus, as here, where a United States official—tasked with the responsibility of determining Plaintiff's admissibility—determined she was inadmissible under 8 U.S.C.§ 1182(a)(7)(A), the doctrine of consular non-reviewability applies to the inadmissibility finding, and any claim challenging this finding fails as a matter of law.

Second, even if consular non-reviewability were not to apply, the APA only authorizes review of final administrative actions. *Dubey v. Dep't of Homeland Sec*, 154 F.4th 534, 537 (7th Cir. 2025) (citing 5 U.S.C. § 704). For an agency determination to constitute a final administrative action, there must be some "terminal event." *Id.* (citing *Salinas v. Railroad Retirement Board*, 592 U.S. 188, 194-95 (2021)).

In *Dubey*, the court considered a denial of an application for asylum, which the

court observed would not constitute a final order of removal. So too here. In the present action, there was a finding of inadmissibility, but not a final order of removal. Plainly, if there were a final order of removal, then pursuant to 8 U.S.C. § 1252(a)(5), the court of appeals would be the exclusive means of challenging that determination. But here, Plaintiff "cannot use the APA to transfer review" to this Court by "separating that issue from review of the order of removal." *Dubey*, 154 F.4th at 537 (citing *Dhakal v. Sessions*, 895 F.3d 532 (7th Cir. 2018)).

Similarly, the present case is readily distinguishable from the authority cited in Plaintiff's Motion. Plaintiff cites multiple cases each involving the termination of visas. Specifically, in *Liu v. Noem*, 780 F. Supp. 3d 386, 392 (D.N.H. 2025), the plaintiff alleged that DHS "unlawfully terminated his F-1 student status." The same issue predominated in *Öztürk v. Trump*, 819 F. Supp. 3d 45 (D. Mass 2025); *Doe v. Noem*, 783 F. Supp. 3d 907 (W.D. Va. 2025); and *Doe 4 v. Lyons*, 783 F. Supp. 3d 1281 (W.D. Wash. 2025). In each case, the allegations were that the termination of the plaintiff-students' Student and Exchange Visitor Information System (SEVIS) resulted in the termination of F-1 student status.

In contrast with Plaintiff's cited authority, however, here, Plaintiff did not have any visa revoked. Additionally, CBP did not take a final action in the matter, and instead, Plaintiff availed herself of the opportunity to withdraw her application for admission for the express purpose of avoiding a final determination by the Agency. Thus, there was no final agency action subject to judicial review under the APA.

Instead, Plaintiff attempts to utilize a withdrawn application to create a justiciable dispute reviewable before this Court, where ultimately the requested relief is asking this Court to either constrain what CBP may consider or alternatively to

affirmatively intervene regarding Plaintiff's re-presentment. Moreover, her requested relief is of indefinite duration. That is, Plaintiff hasn't requested Court intervention for the next time she presents at a port of entry; she does not request relief pending the disposition of her adjustment of status to a lawful permanent resident. Instead, she requests that this Court bar the Government from ever utilizing certain statutorily authorized inadmissibility grounds as it pertains to Plaintiff. On its face, then, this request is overbroad.

## Conclusion

Plaintiff's Motion for a Preliminary Injunction should be denied as the determination of inadmissibility is not judicially reviewable. And even if the doctrine of consular non-reviewability were not to apply, the APA only renders final administrative determinations reviewable. Where, as here, there has not been such a terminal event, the matter is not justiciable. Accordingly, Plaintiff has failed to establish a likelihood of success on the merits, and the Complaint is subject to a motion to dismiss.

Dated: August 14, 2026

Respectfully submitted,

ANDREW B. BENSON
United States Attorney

/s/ Trevor Taniguchi
Trevor Taniguchi
Assistant U.S. Attorney
100 Middle Street, 6th Floor
Portland, ME 04101
(207) 780-3257
Trevor.Taniguchi@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which sent such notice to any individuals and entities who have entered appearances in this case.

ANDREW B. BENSON
United States Attorney

/s/ Trevor Taniguchi
Trevor Taniguchi
Assistant U.S. Attorney
100 Middle Street, 6th Floor
Portland, ME 04101
(207) 780-3257
Trevor.Taniguchi@usdoj.gov